## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| WEST LIBERTY FOODS, L.L.C., LIBERTY FREE RANGE PURVEYOR, L.L.C., and LIBERTY FREE RANGE POULTRY, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> BLUE APRON, LLC and BLUE APRON HOLDINGS, INC., <br><br> Defendants. | Case No. 4:18-cv-00280 <br><br> **DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS** <br><br> **ORAL ARGUMENT REQUESTED** |

Defendants, Blue Apron, LLC and Blue Apron Holdings, Inc. (together, "Blue Apron"), hereby move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, and as more fully set forth in the accompanying Memorandum of Law, Blue Apron states as follows:

1. Plaintiffs allege a variety of contract, quasi-contract, and other claims arising out of their acquisition of Crystal Lake Farms, a poultry company.

2. All of Plaintiffs' claims rely on the same premise: that Blue Apron supposedly agreed to enter into a partnership with Plaintiffs to buy and operate Crystal Lake Farms, and to share profits and losses from that business equally.

3. This premise is shown to be false by the very same documents on which Plaintiffs rely in their Complaint. The only support for Plaintiffs' allegations consists of preliminary exchanges (such as a term sheet and a letter of intent) between Plaintiffs and Blue Apron. But these documents plainly state that they do not create any binding obligations for either party, and

that no obligations will arise until a formal written partnership agreement is executed. Plaintiffs have not alleged that any such contract was ever executed.

4. Courts have repeatedly held that these kinds of preliminary exchanges between are non-binding and cannot establish a contract as a matter of law. *See, e.g., Apothecus Pharm. Corp. v. Hendrickson*, 2017 WL 5495818, at *4 (E.D.N.Y. May 9, 2017) (dismissing contract claim where the LOI similarly said it did not create a "legally enforceable agreement"); *Andersen Investments, LLC v. Factory Card Outlet of Am., Ltd.*, 630 F. Supp. 2d 1030, 1034 (S.D. Iowa 2009) ("a LOI does not constitute a contract as a matter of law").

5. Plaintiffs' claims, therefore, fail as a matter of law because the documents on which they rely specifically disclaim the existence of the supposed partnership agreement that they now seek to enforce.

WHEREFORE, for these reasons and the reasons explained in the accompanying Memorandum of Law, Blue Apron respectfully requests that the Court dismiss the Complaint in its entirety. Oral argument is respectfully requested because this motion involves dispositive issues of law that may be elucidated by colloquy with the Court.

THE WEINHARDT LAW FIRM

By    /s/ David N. Fautsch
Mark E. Weinhardt, AT0008280
David N. Fautsch, AT0013223
Elisabeth A. Archer, AT0012638
2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
mweinhardt@weinhardtlaw.com
dfautsch@weinhardtlaw.com
earcher@weinhardtlaw.com

Jay P. Lefkowitz
Dmitriy Tishyevich
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
lefkowitz@kirkland.com
dmitriy.tishyevich@kirkland.com
Telephone: (212) 446-4800
Facsimile: (212) 446-6460
*Admitted pro hac vice*

**ATTORNEYS FOR DEFENDANTS**

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on Sept. 24, 2018 by

☐ U.S. Mail ☐ FAX

☐ Hand Delivered ☐ Electronic Mail

☐ FedEx/ Overnight Carrier ☒ EDMS

David A. Tank
Angela E. Dralle
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 3900
Des Moines, IA  50309-2790

Signature:    */s/ David Fautsch*