IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WEST LIBERTY FOODS, L.L.C., LIBERTY FREE RANGE PURVEYOR, L.L.C., and LIBERTY FREE RANGE POULTRY, L.L.C., <br><br> Plaintiffs, <br><br>v. <br><br>BLUE APRON, LLC and BLUE APRON HOLDINGS, INC., <br><br> Defendants. | CASE NO. 4:18-cv-280 <br><br> **FIRST AMENDED AND SUBSTITUTED COMPLAINT AND JURY DEMAND** |

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs West Liberty Foods, L.L.C. ("West Liberty Foods"), Liberty Free Range Purveyor, L.L.C. ("LFR Purveyor"), and Liberty Free Range Poultry, L.L.C. ("LFR Poultry")(hereinafter, collectively, "Plaintiffs"), for their Amended Complaint[1] against Defendants Blue Apron, LLC and Blue Apron Holdings, Inc. (collectively, "Defendants" or "Blue Apron"), state and assert as follows:

## INTRODUCTION

1.     Plaintiffs seek relief from Blue Apron's refusal to live up to its many promises and agreements resulting in more than $26,000,000.00 in losses to Plaintiffs.

## PARTIES

2.     Plaintiff West Liberty Foods is an Iowa limited liability company, with its principal place of business in West Liberty, Iowa and offices throughout the state of Iowa, including in

---

[1]     Plaintiffs' original "Petition and Jury Demand" was filed in the Iowa District Court for Dallas County on July 20, 2018.  Defendants removed the case to this Court on August 21, 2018, and on September 24, 2018, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(6).  Accordingly, Plaintiffs are exercising their right to amend their Petition, as a matter of course, under FRCP 15(a)(1)(B).  The Petition/Complaint has not been previously amended.  Given the fact that this matter is now pending in Federal Court, this amended pleading is described as a "Complaint".

West Des Moines, Dallas County, Iowa.   The members of West Liberty Foods are citizens of Arizona, California, Florida, Illinois, Iowa, Minnesota, Missouri, Texas, Virginia, and Wisconsin.

3.      Plaintiff LFR Purveyor is a Delaware limited liability company, with its principal place of business in Decatur, Arkansas.  LFR Purveyor is a subsidiary of West Liberty Foods, doing business as Crystal Lake Farms.  West Liberty Foods is the only member of LFR Purveyor.

4.      Plaintiff LFR Poultry is a Delaware limited liability company, with its principal place of business in Jay, Oklahoma.  LFR Poultry is a subsidiary of LFR Purveyor, doing business as Crystal Lake Farms.  LFR Purveyor is the only member of LFR Poultry.

5.      On information and belief, Defendant Blue Apron, LLC is a Delaware limited liability company, with its principal place of business in New York City, New York.

6.      On information and belief, Defendant Blue Apron Holdings, Inc. is a Delaware corporation with its principal place of business in New York City, New York.

7.      On information and belief, Blue Apron does business throughout the state of Iowa, including in Dallas County, Iowa.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

9.      This case involves citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

10.     Venue is proper in this district pursuant because Defendants transact business, in general, in this district and because Defendants have conducted business with Plaintiffs in this jurisdiction.

## FACTS

11.      Plaintiffs are in the business of producing high-quality protein products.

12.      Blue Apron is an e-commerce marketplace that delivers recipes and fresh ingredients in a meal kit to be cooked by consumers at home.

13.      Beginning on or about June 7, 2016, West Liberty Foods has supplied Blue Apron with certain beef products for use in Blue Apron's meal kit delivery service.

14.      In 2016, Blue Apron identified an opportunity to purchase organic, pasture-raised chicken operations and assets held by Crystal Lake Farms, LLC; Free Ranger LLC; and JBH-Decatur, LLC (collectively referred to as "Former Co.") in order to better serve Blue Apron's customers.  On information and belief, Blue Apron attempted to acquire Former Co. in 2016, but was unwilling or unable to do so.

15.      In early 2017, Blue Apron approached West Liberty Foods with proposal to become partners regarding the acquisition of Former Co.

16.      On or about January 21, 2017, Blue Apron took representatives of West Liberty Foods to visit the Former Co. facilities and to talk with the Former Co.'s representatives.  Blue Apron required West Liberty Foods to sign a non-disclosure agreement prior to the visit to Former Co.

17.       After the visit to Former Co. with West Liberty Foods, Blue Apron agreed to form a partnership with West Liberty Foods to purchase the assets of Former Co. and subsequently form a new company ("New Co.") to operate the business.  Under the partnership, Blue Apron and West Liberty Foods were 50/50 partners, sharing a portion of the profits and equally sharing any losses arising from the acquisition of Former Co. and the operation of New Co. The agreement between Blue Apron and West Liberty Foods to be partners regarding the acquisition of Former Co. and the operation of New Co. (hereinafter, the "Transaction") was expressed in a series of emails and in oral discussions between Ed Garrett on behalf of West

Liberty Foods, and Matt Wadiak, who was the Chief Operating Officer of Blue Apron at all times relevant to the formation of the partnership, and Matt Salzberg, who was the Chief Executive Officer of Blue Apron at all times relevant to the formation of the partnership.

18.     The agreement between Blue Apron and West Liberty Foods to be partners regarding the Transaction was also evidenced by several written documents and by the conduct of the parties following the agreement.

19.     Plaintiffs provide the following as examples only, and without limitation, as evidence of the 50/50 partnership between Blue Apron and West Liberty Foods regarding the Transaction:

    a.   On February 2, 2017, Blue Apron's Chief Executive Officer, Matt Salzberg, sent an email to, *inter alia*, Tim Smith of Blue Apron in which he "confirmed" that a joint sales pitch was made on behalf of West Liberty Foods and Blue Apron to purchase the assets and operations of Former Co. and also confirmed that "[Blue Apron] and [West Liberty Foods] <u>are</u> 50/50 partners" (emphasis added). The February 2, 2017 email was then forwarded by Tim Smith to Ed Garrett of West Liberty Foods as an "update".

    b.   On or about February 4, 2017, after speaking with a representative of Former Co., Matt Salzberg sent an email to Ed Garrett, among others, that stated: "Sounds like <u>we</u> have a deal at $13m all cash" (emphasis added).  In that email chain, Matt Wadiak also stated to Ed Garrett:  "Hopefully this hard work will pay off as <u>we</u> build the best chicken company in America" (emphasis added).

    c.   On February 7, 2017, Matt Salzberg and Ed Garrett exchanged emails wherein they agreed that all agreements with Former Co. need to be addressed jointly to Blue Apron and West Liberty Foods or to New Co.

d.  On or about February 8, 2017, West Liberty Foods sent Blue Apron a proposed Term Sheet proposing to add additional terms to the agreement that had earlier been reached between the parties.  The proposed Term Sheet was never signed, but after receipt, Blue Apron never disputed the existence of the earlier agreement.[2]

e.  On or about February 8, 2017, Ankur Agrawal of Blue Apron inquired with West Liberty as to who "we" should use for due diligence on the Transaction.

f.  A first "proposal to purchase assets" was sent jointly by Blue Apron and West Liberty Foods to Former Co. on or about February 9, 2017.  In the transmittal email, Tim Smith, Vice President, Supply Chain for Blue Apron, stated:  "The combination of Blue Apron, West Liberty, and the assets of [Former Co.] create a company with the potential to build an industry leading slow growth, pasture raised poultry brand."

g.  Following the receipt of comments from Former Co. regarding first proposal to purchase assets, Blue Apron's representatives continued negotiations with Former Co. on behalf of the West Liberty Foods/Blue Apron partnership.

h.  On or about February 14, 2017, Blue Apron and West Liberty Foods jointly signed and submitted a letter of intent to purchase assets from Former Co.

20.  Based on the foregoing, Blue Apron entered into an enforceable partnership and/or other enforceable agreement with West Liberty Foods.

21.  Pursuant to the partnership and/or other enforceable agreements, Blue Apron agreed to share a portion of the profits from New Co. with West Liberty Foods.

---

[2]  Plaintiffs do not claim that the unsigned Term Sheet constitutes an enforceable written contract.  Rather, Plaintiffs reference the Term Sheet solely as part of the evidence that relates to and reflects the communications between the parties, over time.

22.     In addition, pursuant to the partnership and agreements, Blue Apron agreed to absorb fifty percent of any losses related to West Liberty Foods's acquisition of Former Co. and its operation of New Co.

23.     During 2017, Blue Apron and West Liberty Foods continued to work together to consummate the Transaction, including, but not limited to, conducting due diligence on Former Co.

24.     Blue Apron enumerated its requirements to West Liberty Foods regarding the organizational structure and governance terms of New Co., such as, but not limited to, forming two limited liability companies that were member-managed and forming the entities in a way that Blue Apron could avoid tax consequences related to doing business in Oklahoma.

25.     In furtherance of the partnership, West Liberty Foods accepted Blue Apron's suggestions and requirements regarding New Co.

26.     On or about February 20, 2017, just prior to the commitment of West Liberty Foods to purchase Former Co., West Liberty Foods informed Blue Apron that it intended to proceed with the acquisition of Former Co. on the understanding that Blue Apron would act in accordance with the agreement to be 50/50 partners in the Transaction.

27.     Additionally, just prior to West Liberty Foods committing to purchase Former Co., Ed Garrett specifically requested assurances from Matt Wadiak and Matt Salzberg regarding Blue Apron's agreement and promises.  Both Matt Wadiak and Matt Salzberg assured Ed Garrett that Blue Apron was committed to the partnership and to the Transaction.

28.     Without the assurances from Blue Apron, West Liberty Foods would not have consummated the Transaction.  Blue Apron was aware of West Liberty Foods' position regarding the Transaction, and Blue Apron provided the assurances to West Liberty Foods in order to ensure that the Transaction would proceed and that New Co. would be able to provide the specialty chicken product that Blue Apron wanted for its customers.

6

29.     On or about February 24, 2017, and in reliance on Blue Apron's promises and agreements, West Liberty Foods purchased the assets of Former Co. at a price of $13,000,000.00 dollars.

30.     Also, at Blue Apron's request, West Liberty Foods formed LFR Purveyor and LFR Poultry to hold the assets and run the operations of Former Co.

31.     At all times, and in light of the agreement which had been reached, West Liberty Foods kept Blue Apron informed of the steps that it was taking in furtherance of the partnership and Transaction.

32.     Blue Apron did not contribute any money to the acquisition of Former Co., but continued to act as partners with West Liberty Foods regarding the Transaction, including providing assurances and working toward contributing its share to the Transaction.

33.     On or about May 1, 2017, LFR Purveyor and LFR Poultry began doing business as Crystal Lake Farms, with West Liberty Foods as the sole member of both companies.

34.     As a result of the Transaction and partnership, Blue Apron was able to obtain specialty chicken product at below-market costs, ultimately at the expense and to the detriment of Plaintiffs.

35.     To date, Plaintiffs have sustained approximately $26,000,000.00 in losses related to purchase of Former Co. and its operation of Crystal Lake Farms.

36.     On July 12, 2018, and facing substantial financial pressures and after incurring substantial losses, Crystal Lake Farms made the difficult decision to announce a mass layoff and plant closures to occur in the fall of 2018 in an effort to mitigate losses.

37.     Blue Apron has failed to abide by Blue Apron's promises and the enforceable agreements reached with West Liberty Foods to share the losses incurred by Plaintiffs that are related to Crystal Lake Farms.

## COUNT I – BREACH OF ORAL CONTRACT

38.     Plaintiffs restate and re-allege paragraphs 1 – 37 as if fully set forth herein.

39.     West Liberty Foods and Blue Apron entered into a valid and enforceable oral contract via a series of communications between and among Ed Garrett of West Liberty Foods and Matt Wadiak and Matt Salzberg of Blue Apron, that included the following material terms:

   a.  Blue Apron and West Liberty Foods were 50/50 partners regarding the Transaction.

   b.  West Liberty Foods agreed to purchase the assets of Former Co. and to create New Co. at Blue Apron's direction; and

   c.  Blue Apron and West Liberty Foods agreed to share any profits from New Co. and to be responsible for 50% of any losses arising out of the Transaction.

40.     West Liberty worked with Blue Apron as 50/50 partners to consummate the Transaction.

41.     West Liberty Foods purchased the assets of Former Co. and created New Co., as agreed.

42.     West Liberty Foods also formed LFR Purveyor and LFR Poultry to hold the assets and run the operations of Former Co., as requested by Blue Apron.

43.     As such, West Liberty Foods has performed all of its obligations under the oral contract with Blue Apron.

44.     Blue Apron has refused to pay for its share (50%) of the losses related to the Transaction, thereby breaching the oral contract.

45.     West Liberty Foods has suffered damages due to Blue Apron's breach of contract.

## COUNT II – BREACH OF IMPLIED CONTRACT
## (ALTERNATIVE CLAIM)

46.     Plaintiffs restate and re-allege paragraphs 1 – 45 as if fully set forth herein, and assert Count II in the alternative to Count I.

47.     Blue Apron and West Liberty Foods intended to be 50/50 partners in the Transaction.

48.     Blue Apron's promises and agreements to share a portion of the profits from New Co. with West Liberty Foods constituted an offer to do the same.

49.     Blue Apron's promises and agreements to absorb fifty percent of any losses related to the Transaction constituted an offer to do the same.

50.     In exchange for those promises, agreements, and offers, West Liberty Foods offered to purchase Former Co.'s assets and operations.

51.     West Liberty Foods did, in fact, purchase the assets of Former Co.

52.     West Liberty Foods also formed LFR Purveyor and LFR Poultry to hold the assets and run the operations of Former Co., as requested by Blue Apron.

53.     As such, West Liberty Foods has performed all of its obligations under the implied contract with Blue Apron.

54.     Blue Apron has refused to pay for its share (50%) of the losses related to the Transaction, thereby breaching the implied contract.

55.     West Liberty Foods has suffered damages due to Blue Apron's breach of contract.

## COUNT III – PROMISSORY ESTOPPEL

56.     Plaintiffs restate and re-allege paragraphs 1 – 55 as if fully set forth herein.

57.     Blue Apron made a clear and definite promise to West Liberty Foods to be 50/50 partners regarding the Transaction.

58.     Blue Apron also made a clear and definite promise to West Liberty Foods to absorb fifty percent of any losses related to West Liberty Foods's acquisition of Former Co. and its operation of New Co.

59.     These promises by Blue Apron were made by Matt Wadiak, who was the Chief Operating Officer of Blue Apron at all times relevant to the formation of the partnership, and by Matt Salzberg, who was the Chief Executive Officer of Blue Apron at all times relevant to the formation of the partnership, to Ed Garrett of West Liberty Foods in January and February 2017.

60.     In exchange for those promises, West Liberty Foods agreed to purchase Former Co.'s assets and operations.

61.     West Liberty Foods' actions in accordance with the parties' agreement were foreseeable to Blue Apron and were, in fact, intended by Blue Apron.

62.     Blue Apron's promises were made with its clear understanding that West Liberty Foods was seeking assurances upon which it could rely, and without which it would not act.

63.     West Liberty Foods acted to its substantial detriment in reasonable reliance on the promises of Blue Apron when it purchased the assets of Former Co. for $13,000,000.

64.     West Liberty Foods kept Blue Apron apprised of its actions in furtherance of the partnership and the Transaction, and as such, Blue Apron was specifically aware of West Liberty Foods' reliance on Blue Apron's promises and agreements.

65.     West Liberty Foods has incurred substantial damages because Blue Apron has refused to honor its promise to pay for its share (50%) of the losses related to the Transaction.

66.     In light of the above stated facts, injustice can only be avoided by enforcement of Blue Apron's promises to West Liberty Foods.

## **COUNT IV – BREACH OF FIDUCIARY DUTY**

67.     Plaintiffs restate and re-allege paragraphs 1 – 66 as if fully set forth herein.

68.     A fiduciary relationship existed between Blue Apron and West Liberty Foods as partners in the Transaction, in the formation of LFR Purveyor and LFR Poultry to hold the assets and run the operations of Former Co., and in doing business as Crystal Lake Farms.

69.     Prior to involving West Liberty Foods in the Transaction, Blue Apron had previously conducted due diligence on Former Co.

70.     Blue Apron required West Liberty Foods to sign a Non-Disclosure Agreement prior to sharing Blue Apron's information regarding Former Co.

71.     Blue Apron and West Liberty Foods were in a relationship of trust and confidence, as partners, regarding the Transaction.

72.     Blue Apron and West Liberty Foods worked together as partners to acquire Former Co. on the best possible terms for the partnership.

73.     West Liberty Foods placed its trust and confidence in Blue Apron to negotiate with Former Co. on behalf of West Liberty Foods regarding the acquisition.

74.     West Liberty foods also relied on the integrity and fidelity of Blue Apron regarding the Transaction.

75.     As partners in the Transaction, Blue Apron owed fiduciary duties to Plaintiffs, including, but not limited to, the duty of good faith, the duty to disclose all material facts, and the duty to not engage in conduct to detriment of the partnership and of Plaintiffs.

76.     Blue Apron breached its fiduciary duties to Plaintiffs by, among other things, failing to disclose its secret intention not to share in the losses relating to the Transaction, while at the same time reaping the benefits of the partnership, including obtaining access to specialty chicken product at below-market prices from Plaintiffs.

77.     Blue Apron failed to deal in good faith with West Liberty when it continued to provide assurances regarding the partnership and the Transaction.

78.     Blue Apron also acted to the detriment of the partnership and to Plaintiffs when it failed to share in the losses relating to the Transaction so that Plaintiffs could successfully do business as Crystal Lakes Farms.

79.     As a result of Blue Apron's breaches of its fiduciary duties, Plaintiffs have suffered damages as set forth herein.

## COUNT V – UNJUST ENRICHMENT

80.     Plaintiffs restate and re-allege paragraphs 1 – 79 as if fully set herein.

81.     Blue Apron agreed to be 50/50 partners with West Liberty Foods and to share equally in any losses relating to the Transaction.

82.     The Transaction was consummated due to the agreements, representations and assurances of Blue Apron, which Blue Apron failed to honor.

83.     Blue Apron was unfairly enriched from its agreement with West Liberty Foods because West Liberty Foods consummated the Transaction without any advance of funds from Blue Apron.

84.     More specifically, as a result of the Transaction, Blue Apron was able to obtain specialty chicken product at below-market prices.

85.     Blue Apron's enrichment was at the expense of Plaintiffs, who purchased Former Co., formed New Co., and conducted business as Crystal Lake Farms.

86.     In light of the above, it would be unjust to allow Blue Apron to retain the benefits described herein under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs West Liberty Foods, L.L.C., Liberty Free Range Purveyor, L.L.C., and Liberty Free Range Poultry, L.L.C. pray for the following relief:

a)     that judgment be entered in favor of Plaintiffs on all counts;

b)      that Defendants be required to specifically perform their promises to and agreements with West Liberty Foods, as the weighing of the equities entitles West Liberty Foods to specific performance and because injustice can only be avoided by specific performance by Defendants of the promises and agreements;

c)      for compensatory damages in excess of $75,000, the specific amount to be determined at trial;

d)      for Plaintiffs' costs incurred herein;

e)      for post-judgment interest; and

f)      for any and all other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable in this case.

Date:  October 15, 2018

/s/ David A. Tank
David A. Tank (AT0007732)
Angela E. Dralle (AT0002077)
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 4100
Des Moines, IA 50309-2790
Tel: (515) 283-1000, Fax: (515) 283-1060
E-mail:  tank.dave@dorsey.com
             dralle.angela@dorsey.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 15, 2018, the foregoing instrument was electronically filed with the Court using the CM/ECF system and served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings by Electronic Service.

/S/   Angela E. Dralle

COPIES TO:
Mark E. Weinhardt          Dmitriy Tishyevich
David N. Fautsch           Jay P. Lefkowitz
Elisabeth A. Archer        Kirkland & Ellis LLP
The Weinhardt Law Firm