# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| WEST LIBERTY FOODS, L.L.C., LIBERTY FREE RANGE PURVEYOR, L.L.C., and LIBERTY FREE RANGE POULTRY, L.L.C., | ) ) ) ) ) | Case No. 4:18-cv-280 |
| Plaintiffs, | ) ) | **REPLY IN SUPPORT OF** |
| v. | ) ) ) | **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF** |
| BLUE APRON, LLC and BLUE APRON HOLDINGS, INC., | ) ) ) | **DOCUMENTS** |
| Defendants. | ) ) | |

Defendants Blue Apron, LLC and Blue Apron Holdings, Inc. (together, "Blue Apron") submit this reply in support of their motion to compel Plaintiffs to produce certain documents related to Plaintiffs' recent sale of a business called Crystal Lake Farms to Cooks Venture.

In its motion, Blue Apron argued that: (1) any confidentiality provisions in Plaintiffs' contract with Cooks Venture cannot preclude discovery; and (2) Plaintiffs' communications and negotiations with Cooks Venture about this sale are relevant. Plaintiffs concede both points in their Resistance ("Res."). First, with no response to Blue Apron's many cases which hold that a confidentiality provision does not shield documents from discovery, Plaintiffs have now mooted this issue by amending their agreement with Cooks Venture. (Res. at 2.) Second, Plaintiffs agree that some of the documents that Blue Apron seeks—how much Plaintiffs stand to receive for selling Crystal Lake Farms, and what Plaintiffs were telling Cooks Venture about the supposed partnership and about Blue Apron's ownership rights in Crystal Lake Farms—are relevant and discoverable. (*Id.* at 3.) So at a minimum, there is no dispute that Blue Apron is

entitled to these documents.  (*See id.* at 6 (conceding that "some of the documents requested by Blue Apron may be relevant" and not objecting to producing these).)

That just leaves certain other Blue Apron RFPs (RFPs Nos. 9, 11, 16, and 24).[1]  All of these seek the same types of documents that Plaintiffs have already agreed to produce—that is, documents related to Plaintiffs' understanding of Blue Apron's supposed partnership rights in Crystal Lake Farms, as well as any communications they had with Cooks Venture related to this issue.  Plaintiffs make three objections to producing these documents.  None have merit.

First, Plaintiffs contend that their representations to Cooks Venture about Blue Apron are not "probative" of the partnership claims because Mr. Matt Wadiak (the founder and CEO of Cooks Venture, and the founder and former COO of Blue Apron) "already knew everything he needed to know about the partnership between WLF and Blue Apron." (*Id.* at 4-5.)  But whether Plaintiffs think those representations are probative is irrelevant.  *See, e.g.*, *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014) ("Plaintiffs [do not] possess the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case," because "litigation in general and discovery in particular . . . are not one sided").  The probative value of those representations will be for the factfinder to decide, and Plaintiffs cannot block discovery by unilaterally deciding they are not probative.  And to the extent Plaintiffs' statement that they "did not need to make any representation" about the partnership suggests that no such representations existed (Res. at 5), then certainly there is no burden in Plaintiffs being

---

[1]  Blue Apron's RFP No. 23 seeks "[a]ny agreements related to the acquisition by Cooks Venture of any assets of any of Former Co., Crystal Lake Farms, LFR Purveyor, or LFR Poultry." (Ex. 3 to Mot., at 15.)  In their Resistance, Plaintiffs have agreed to produce their "Agreement with Cooks Venture and its Amendments" under the Attorneys' Eyes Only provision of the protective order.  (Res. at 2.)  Provided that these agreements are the only agreements that are responsive to RFP No. 23, the parties can consider this disputed RFP resolved.

ordered to search for such documents.  Blue Apron cannot rely on attorney argument in a brief as an evidentiary basis to establish that no such documents exist.

Second, Plaintiffs argue that "there was no reason for WLF and Cooks Venture to discuss any of Blue Apron's 'ownership rights' in Crystal Lake Farms because Blue Apron had already expressly disavowed same" before the Cooks Venture negotiations.  (*Id.*)  This is of a kind with Plaintiffs' objection above, as Plaintiffs again suggest—without explicitly saying—that Blue Apron is not entitled to an order compelling production of these documents because they do not exist.  These unsworn statements from Plaintiffs' counsel are not a substitute for discovery.

Third, Plaintiffs take issue with Blue Apron's RFPs Nos. 9, 11, 16, and 24, supposedly because they "seek each and every document that WLF has in its possession, custody or control relating in any way to Cooks Venture."  (*Id.* at 3 (emphasis in original).)  Plaintiffs never raised these overbreadth objections during the parties' extensive meet-and-confer process on this issue; instead, Plaintiffs flat out refused to produce *any* Cooks Venture-related documents at all.  Had Plaintiffs signaled their openness to narrowing these RFPs earlier, Blue Apron certainly would have considered that.  Regardless, as a show of good faith and to try and get this dispute resolved efficiently, Blue Apron proposes the following narrowing of these disputed RFPs to address Plaintiffs' overbreadth concerns (revisions from Blue Apron's original RFPs are indicated by underlining):

- **RFP No. 9:**  "Documents related to any Board of Directors (or any similar committee) meeting minutes, pre-meeting Board of Directors packets, presentations made to or by the Board of Directors or any other senior management, any other meeting agendas or minutes, and any marketing plans, business plans, or strategic plans related to Cooks Venture, to the extent such documents relate to Blue Apron or otherwise relate to any potential partnership in Crystal Lake Farms."

- **RFP No. 11:**  "Any press releases, newsletters, announcements, or other communications (including all drafts thereof) that were distributed publicly or that were sent to any of Your shareholders or potential investors related to Cooks Venture,

<u>to the extent such documents relate to Blue Apron or otherwise relate to any potential partnership in Crystal Lake Farms</u>."

- **<u>RFP No. 16:</u>** "Documents related to, concerning, memorializing, or summarizing any meetings, discussions, emails, phone calls, or any other form of communication between any of WLF, LFR Purveyor, LFR Poultry, Crystal Lake Farms, LLC, Free Ranger LLC, JBH-Decatur LLC, or Cooks Venture related to the acquisition of certain Crystal Lake Farms assets by Cooks Venture<u>, to the extent such documents relate to Blue Apron or otherwise relate to any potential partnership in Crystal Lake Farms</u>."

- **<u>RFP No. 24:</u>** "Documents related to negotiations of any agreements involving Cooks Venture<u>, to the extent such documents relate to Blue Apron or otherwise relate to any potential partnership in Crystal Lake Farms</u>."

Particularly given Plaintiffs' repeated suggestions in their Resistance that Blue Apron was not a significant topic of discussion in their negotiations with Cooks Venture, the burden for Plaintiffs to search and produce documents in response to these narrowed RFPs should be minimal indeed. And as Plaintiffs have already agreed, to the extent their communications with Cooks Venture involved any partnership discussions related to Blue Apron, those documents are no doubt relevant.

## <u>CONCLUSION</u>

For the foregoing reasons, Blue Apron respectfully asks that the Court order Plaintiffs to: (1) produce documents "that show the specifics of what Crystal Lake Farms assets have sold to Cooks Venture and for how much[,] and those that show what Plaintiffs told Cooks Venture about the partnership and about Blue Apron's ownership rights in Crystal Lake Farms," as Plaintiffs already agreed to do (Res. at 6); and (2) produce documents in response to Blue Apron's RFPs Nos. 9, 11, 16, and 24, as modified on pages 3-4 above.

Respectfully submitted,

Dated:  July 19, 2019                    By:    /s/ David N. Fautsch
                                                THE WEINHARDT LAW FIRM

                                                Mark E. Weinhardt, AT0008280
                                                David N. Fautsch, AT0013223
                                                Elisabeth A. Archer, AT0012638
                                                2600 Grand Avenue, Suite 450
                                                Des Moines, IA 50312
                                                Telephone: (515) 244-3100
                                                mweinhardt@weinhardtlaw.com
                                                dfautsch@weinhardtlaw.com
                                                earcher@weinhardtlaw.com


                                                Jay P. Lefkowitz, P.C.
                                                Dmitriy Tishyevich
                                                KIRKLAND & ELLIS LLP
                                                601 Lexington Avenue
                                                New York, New York 10022
                                                lefkowitz@kirkland.com
                                                dmitriy.tishyevich@kirkland.com
                                                Telephone: (212) 446-4800
                                                Facsimile: (212) 446-6460
                                                *Admitted pro hac vice*

                                                **ATTORNEYS FOR DEFENDANTS**

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on July 19, 2019 by

☐ U.S. Mail                          ☐ FAX

☐ Hand Delivered                     ☐ Electronic Mail

☐ FedEx/ Overnight Carrier           ☒ EDMS

David A. Tank
Angela E. Dralle
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 3900
Des Moines, IA  50309-2790

Signature:   /s/ David N. Fautsch
_____